

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 NOV 18  AM 10: 46

LORETTA G. WHYTE
CLERK

## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HAO CHI NGUYEN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 04-2073** |
| **BURL CAIN, WARDEN** | **SECTION "N"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an Evidentiary Hearing if necessary, and to submit Proposed Findings and Recommendations pursuant to **Title 28 U.S.C. §§ 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court determined that this matter can be disposed of without an Evidentiary Hearing. *See* 28 U.S.C. § 2254(e)(2).[1]

### I.   Factual Background

The petitioner, Hao Chi Nguyen ("Nguyen"), is incarcerated in the Louisiana State Penitentiary at Angola, Louisiana.[2] On December 8, 1995, Nguyen was indicted by a Terrebonne

---

[1] Under Title 28 U.S.C. § 2254(e)(2), the District Court may hold an Evidentiary Hearing only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by an exercise of due diligence, and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 1, Petition.



Fee_____
Process_____
Ckfd_____
CtRmDep_____
Doc. No_____

Parish Grand Jury for first degree murder in connection with the shooting death of Dale Babin, Jr., on October 15, 1995, in Houma, Louisiana.[3]

The record reflects that the murder took place in the early morning hours at Whisker's Lounge, where the victim, Dale Babin, Jr., and several of his friends had gathered for a bachelor party.[4] A group of Asian men, including Nguyen, were already inside the bar when Babin and his friends arrived. At some point in the evening, the two groups got into an altercation in the lounge. The Asian men left the lounge and Babin's group left shortly thereafter. Outside of the lounge, members of the two groups exchanged words. Nguyen pulled out a gun and shot Babin and two other men. Babin died from the wounds inflicted by Nguyen.

Nguyen was tried before a jury on November 4, 5, 6, and 7, 1996, and was found guilty as charged of first degree murder.[5] After a hearing on the penalty phase held November 8, 1996, the jury recommended that Nguyen be sentenced to life imprisonment.[6]

Subsequent thereto, the Trial Court held another hearing on January 6, 1997, at which the court denied Nguyen's motions for new trial and for post-verdict judgment of acquittal.[7] Thereafter,

---

[3]St. Rec. Vol. 1 of 5, Indictment, 12/8/95.

[4]The facts of the case are taken from the opinion of the Louisiana First Circuit Court of Appeal on direct appeal. St. Rec. Vol. 1 of 5, 1st Cir. Opinion, p. 2, 5/15/98; *State v. Nguyen*, 731 So.2d 541 (La. App. 1st Cir. 1998) (Table), *reh'g denied*, No. 97-KA-0743 (La. App. 1st Cir. 7/14/98).

[5]St. Rec. Vol. 1 of 5, Jury Verdict, 11/7/96; Voir Dire Transcript, 11/4-5/96; St. Rec. Vol. 2 of 5, Voir Dire Transcript (cont'd), 11/4-5/96; Trial Transcript, 11/5-7/96; St. Rec. Vol. 3 of 5, Trial Transcript (cont'd), 11/5-7/96; Trial Minutes (3 pages), 11/4/96; Trial Minutes (4 pages), 11/5/96; Trial Minutes (2 pages), 11/6/96; Trial Minutes, 11/7/96.

[6]St. Rec. Vol. 1 of 5, Penalty Determination, 11/8/96; St. Rec. Vol. 3 of 5, Sentencing Phase Minutes (2 pages), 11/8/96; Sentencing Transcript, 11/8/96.

[7]St. Rec. Vol. 3 of 5, Minute Entry, 1/6/97; St. Rec. Vol. 1 of 5, Motion for Post-Verdict Judgment of Acquittal, 11/13/96; Motion for New Trial, 11/13/96; Transcript of Post Trial Motions, 1/6/97.

on January 9, 1997, the Trial Court sentenced Nguyen to life imprisonment in accordance with the jury's sentencing recommendation.[8]

On direct appeal to the Louisiana First Circuit Court of Appeal, Nguyen's counsel raised the following assignments of error:[9] (1) the Trial Court erred by allowing the State to circumvent its duty by not fully disclosing the results of its investigation where the State selectively chose what reports and statements should be submitted without recognizing its affirmative duty to provide *Brady* and/or *Kyles* information that only the State was in a position to know; (2) the Trial Court erred in failing to grant individual voir dire in this highly publicized case because prejudice against the defendant because of his nationality was readily apparent and specific circumstances warranted it; (3) the Trial Court erred in failing to grant his challenges for cause of thirteen prospective jurors when their testimony as a whole indicated that they could not be fair and impartial; (4) the Trial Court erred in denying the motion for new trial based on the cumulative impact of the trial errors which denied him a fair trial; and (5) the Trial Court erred in denying the motion for post verdict judgment of acquittal because the verdict was contrary to the law and evidence.

On May 15, 1998, the Louisiana Fifth Circuit affirmed Nguyen's conviction and sentence finding that the assignments raised were without merit.[10]  On July 14, 1998, the court also denied Nguyen's application for rehearing, filed by counsel, seeking further review of the voir dire issue.[11]

---

[8]St. Rec. Vol. 3 of 5, Sentencing Minutes, 1/9/97; Sentencing Transcript, 1/9/97.

[9]St. Rec. Vol. 1 of 5, 1st Cir. Opinion, 5/15/98; *State v. Nguyen*, 731 So.2d at 541.

[10]*Id.*

[11]St. Rec. Vol. 4 of 5, Application for Rehearing, 97-KA-0743, 5/29/98; 1st Cir. Order, 97-KA-0743, 7/14/98.

In the meantime, on June 11, 1998, Nguyen filed pro se a writ application in the Louisiana Supreme Court.[12] After the denial of the rehearing application by the appellate court, Nguyen's counsel also filed a writ application to the Louisiana Supreme Court on July 22, 1998, seeking review of the appellate court's denial of relief on the voir dire issue.[13] The Louisiana Supreme Court denied the applications without reasons by separate opinions both issued November 20, 1998.[14]

Nguyen's conviction became final 90 days later, on February 18, 1999, since he did not file a writ application with the United States Supreme Court. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under Title 28 U.S.C. § 2244(d)(1)(A)).

## II.   Procedural Background

Over fifteen months later, on June 1, 2000, Nguyen filed pro se an Application for Post Conviction Relief in the Trial Court raising three grounds for relief: (1) racial discrimination in the selection of the grand jury foreperson tainted the entire process and violated the constitution; (2) La. Code Crim. P. art. 413(B) governing the grand jury selection process was unconstitutional at the time of his indictment and trial; and (3) denial of effective assistance of counsel because counsel failed to challenge the constitutionality of La. Code Crim. P. art. 413(B) and, Nguyen alleges, his counsel made improper comments during opening arguments about Nguyen's character and guilt. Retained counsel later enrolled on Nguyen's behalf in connection with the post conviction proceedings.

---

[12]St. Rec. Vol. 3 of 5, La. S. Ct. Letter, 98-KO-1543, 6/11/98.

[13]St. Rec. Vol. 5 of 5, La. S. Ct. Writ Application, 98-KA-1960, 7/22/98; St. Rec. Vol. 3 of 5, La. S. Ct. Letter, 98-K-1960, 7/22/98.

[14]*State v. Nguyen*, 728 So.2d 1286 (La. 1998); St. Rec. Vol. 3 of 5, La. S. Ct. Order, 98-K-1960; *State v. Nguyen*, 728 So.2d 883 (La. 1998); St. Rec. Vol. 4 of 5, La. S. Ct. Order, 98-KO-1543, 11/20/98.

The State filed an answer and amended answer to Nguyen's application asserting that the claims were without merit and the challenges to the grand jury selection process were procedurally defaulted because no motion to quash was timely filed as required by Louisiana law.[15]  At a hearing held December 4, 2002, the Trial Court sustained the procedural objections and denied Nguyen's application over the objections of his counsel.[16]

Nguyen's counsel filed a writ application in the Louisiana First Circuit seeking review of the Trial Court's order but only as to the issues of the grand jury challenge and whether trial counsel was ineffective for failng to file a motion to quash.[17]  The Louisiana First Circuit denied the writ application without reasons on February 24, 2003.[18]

Thereafter, on March 25, 2003, Nguyen's counsel timely filed a similar writ application in the Louisiana Supreme Court which the court denied without reasons on November 26, 2003.[19]

## III.   Federal Petition

On July 21, 2004, Nguyen filed the instant Petition for Federal Habeas Corpus Relief in which he raises five grounds for relief:[20] (1) the conviction was obtained by the unconstitutional failure of the prosecution to disclose to the defendant favorable evidence; (2) the conviction was obtained by action of an unconstitutionally selected petit jury because the trial court failed to grant

---

[15]St. Rec. Vol. 4 of 5, State's Answer, 8/31/00; State's Amended Answer, 2/7/02.

[16]St. Rec. Vol. 4 of 5, Minute Entry, 12/4/02; Transcript of Post-Conviction Relief Hearing, 12/4/02.

[17]St. Rec. Vol. 5 of 5, 1st Cir. Writ Application, 2003-KW-0065, 1/15/03.

[18]St. Rec. Vol. 5 of 5, 1st Cir. Order, 2003-KW-0065, 2/24/03.

[19]St. Rec. Vol. 5 of 5, La. S. Ct. Writ Application, 2003-KP-0851, 3/25/03; St. Rec. Vol. 4 of 5, La. S. Ct. Letter, 2003-KP-851, 3/26/03; *State ex rel. Nguyen v. Cain*, 860 So.2d 1130 (La. 2003); St. Rec. Vol. 5 of 5, La. S. Ct. Order, 2003-KP-0851, 11/26/03.

[20]Rec. Doc. No. 1, Petition and Memorandum in Support.

individual voir dire; (3) racial discrimination in the selection of the grand jury foreperson caused the conviction to be unconstitutionally obtained; (4) denial of due process because he was indicted by a grand jury established by an unconstitutional Louisiana statute, La. Code Crim. P. art. 413(B); and (5) counsel was ineffective for failing to challenge the constitutionality of La. Code Crim. P. art. 413(B) and by biasing Nguyen during argument to the jury.

The State opposes Nguyen's federal petition on the basis that it is not timely filed and he is not entitled to equitable or statutory tolling.[21]

## IV.   Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, which comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, went into effect on April 24, 1996[22] and applies to habeas petitions filed after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA therefore applies to Nguyen's petition, which is deemed filed in this Court under the federal "mailbox rule" on February 16, 2004.[23]

---

[21]Rec. Doc. No. 3.

[22]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 (5th Cir. 1992).

[23]The Fifth Circuit has recognized that a federal "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the federal court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Nguyen's petition on July 21, 2004, the date on which the filing fee was paid. Nguyen, however, dated his signature on February 16, 2004, which is the earliest date he could have submitted it to prison officials for mailing. The fact that he paid the filing fee on a later date does not alter the application of the federal mailbox rule to his pro se petition. *See Cousin v. Lensing*, 310 F.3d 843, (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 374).

The threshold questions in habeas review under the AEDPA are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State argues that Nguyen's federal petition is untimely filed. The State did not address the preliminary issues of exhaustion or procedural default. Nevertheless, the records show that Nguyen apparently exhausted his state court remedies and that his third and fourth claims may be procedurally barred from federal review. However, the Court finds for the following reasons, that Nguyen's petition is not timely filed and therefore must be dismissed with prejudice for that reason.[24]

## V.   **Statute of Limitations**

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[25] *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001). Nguyen's conviction

---

[24]A full discussion of this issue would require the Court to consider the fact that the Louisiana state courts denied relief on these issues because Nguyen failed to file a pretrial motion to quash the indictment and was therefore in procedural default under an independent state procedural rule. This requirement is independent and adequate to prevent federal review. *See e.g.*, *Williams v. Cain*, 125 F.3d 269, 276 (5th Cir. 1997) (petitioner failed to file pretrial motion to quash regarding his claim of discrimination in the grand jury foreperson selection process and was procedurally barred under Louisiana law and federal review was also barred); *State v. Woodberry*, 820 So.2d 638 (La. App. 4th Cir. 2002); *State v. Richthofer*, 803 So.2d 171 (La. App. 5th Cir. 2001); *State v. Robinson*, 754 So.2d 311, 322 (La. App. 2nd Cir. 2000); *State ex rel Roper v. Cain*, 763 So.2d 1, 4-5 (La. App. 1st Cir. 1999), *writ denied*,773 So.2d 733 (La. Nov. 17, 2000); *State v. Straughter*, 727 So.2d 1283 (La. App. 4th Cir.), *writ denied*, 747 So.2d 14 (La. 1999).

[25]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here: (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

became final on February 18, 1999, which was 90 days after the Louisiana Supreme Court denied

his two post-appeal writ applications. Under the plain language of § 2244, Nguyen had until

February 18, 2000, to file a timely federal application for habeas corpus relief but he did not do so.

Instead, it was filed on July 21, 2004. Thus, literal application of the statute would bar Nguyen's

§ 2254 petition as of that date unless he is entitled to tolling.

### A.   Equitable Tolling

The doctrine of equitable tolling allows for tolling of the AEDPA's limitation period when

the petitioner has been pursuing his rights diligently, and there are rare or extraordinary

circumstances preventing timely filing. *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1814 (2005); *see also*

*Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin*

*v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998), *cert. denied*, 525 U.S. 1091 (1999); *Davis v. Johnson*,

158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling is

warranted only in situations where the petitioner was actively misled or is prevented in some

extraordinary way from asserting his rights. *Pace*, 125 S. Ct. at 1814-15; *Cousin v. Lensing*, 310

F.3d 843, 848 (5th Cir. 2002).

In this case, Nguyen suggests that he is entitled to equitable tolling because he could not read

or speak English until 2002. He also suggests that, while the prison had the necessary statutory

materials, it did not have them written in Vietnamese nor did the prison have inmate counsel who

---

C.    the date on which the constitutional right asserted was initially recognized
by the Supreme Court, if the right has been newly recognized by the
Supreme Court and made retroactively applicable to cases on collateral
review; or

D.    the date on which the factual predicate of the claim or claims presented
could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral
review with respect to the pertinent judgment or claim is pending shall not be counted toward any
period of limitation under this subsection. Title 28 U.S.C. § 2244(d).

8

could assist him, all of which prevented him from timely pursuing post conviction relief.  In its opposition, the State argues that the law does not consider the lack of English proficiency to be a rare or extraordinary circumstance entitling Nguyen to equitable tolling.

The inability to speak or read the English language is not uncommon in the prison system and does not warrant equitable tolling.  *See United States v. Teshima-Jiminez*, 1999 WL 600326 at *2 (E.D. La. Aug. 5, 1999) (Duval, J.) ("lack of legal research material and assistance" and "little English spoken" were not rare and exceptional circumstances to justify equitable tolling); *Perez v. Johnson*, 2001 WL 804524 at *4 (N.D. Tex. July 6, 2001); *Nguyen v. Merrau*, 1998 WL 556628 at *2 (N.D. Cal. Aug. 24, 1998) (equitable tolling not justified where based on "lack of fluency in the English language and [petitioner's] alleged inability to find a jailhouse lawyer").  The "inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims." *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002); *United States v. Cordova*, 202 F.3d 283, 1999 WL 1136759 (10th Cir. Dec. 13, 1999) (Table, Text in Westlaw); *Zinsou v. Dretke*, 2004 WL 2381243 at *1 (N.D. Tex. 2004) (citing *Cobas*, 306 F.3d at 444).  Furthermore, "where a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, the lack of proficiency is insufficient to justify equitable tolling of the statute of limitations." *Cobas*, 306 F.3d at 444.

In this case, Nguyen's suggestion of an inability to file pleadings because of the language barrier and unavailable assistance are not borne out by the record.  The record before this Court shows that Nguyen was filing pleadings in English during his alleged learning curve well before the year 2002.  For example, on April 2, 1996, while housed in the Terrebonne Parish Correctional

9

Center, Nguyen filed pro se a request for documents, police report, and evidence so that he could prepare for a hearing.[26]  He filed a second request for additional documents on May 8, 1996 from the Terrebonne Parish Correctional Center.[27]

Later, while housed in the Louisiana State Penitentiary, Nguyen filed a pro se motion seeking production of the district attorney's files in the Trial Court.[28]  After that motion was denied, on September 23, 1998, Nguyen filed pro se with the Trial Court a Motion for Issuance of a Writ of Mandamus to compel the Trial Court to hold a hearing on the previously filed motion to obtain documents.[29]

Nguyen also filed the pro se Application for Post Conviction Relief on June 1, 2000, with the assistance of inmate counsel substitute.[30]  In light of these filings, the record demonstrates that Nguyen was and did file pleadings on his own behalf in English during his state court proceedings and during the time periods relevant to this limitations discussion.

The record therefore demonstrates that Nguyen was not prevented from accessing the courts. Thus, he failed to demonstrate his entitlement to equitable tolling resulting from a language barrier. *Cobas*, 306 F.3d at 444.

Nguyen has not asserted any valid reason that might constitute rare or exceptional circumstances why the one-year period should be considered equitably tolled, and a review of the record reveals none that might fit the restrictive boundaries of "exceptional circumstances" described

---

[26]St. Rec. Vol. 1 of 5, Request for Documents, 4/2/96.

[27]St. Rec. Vol. 1 of 5, Request for Documents, 5/8/96.

[28]St. Rec. Vol. 3 of 5, Motion for Production of Records, 9/8/98.

[29]St. Rec. Vol. 3 of 5, Motion for Issuance of a Writ of Mandamus, 9/23/98.

[30]St. Rec. Vol. 4 of 5, Application for Post Conviction Relief, 6/1/00.

in recent decisions. *See United States v. Wynn*, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); *Fisher*, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

The Court will now consider whether Nguyen is entitled to statutory tolling under the AEDPA.

**B.    <u>Statutory Tolling</u>**

Section 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* 28 U.S.C. § 2244(d)(2). In order for a State post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace*, 125 S. Ct. at 1812; *Williams v. Cain*, 217 F.3d 303, 306-07 n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir.), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999).

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.'") (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000)); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 2001 WL 995164, slip op. at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 686-88 (5th Cir. 2005).

The federal courts have also determined that requests for transcripts and copies from the record are not applications for post-conviction or other collateral review and do not affect the timeliness calculations. *Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcripts is not "other collateral review" for tolling purposes); *see also Brown v. Cain*, 112 F. Supp.2d 585, 587 (E.D. La. 2000), *aff'd*, 239 F.3d 365 (5th Cir. 2000); *Gerrets v. Futrell*, 2002 WL 63541 (E.D. La. Jan. 16, 2002); *Jones v. Johnson*, 2001 WL 1006062 at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue

to gather transcripts); *Grayson v. Grayson*, 185 F. Supp.2d 747, 751-52 (E.D. Mich. 2002) (delay in receipt of transcript, not required to file an application, does not warrant equitable tolling).

In this case, Nguyen's one-year filing period began running on February 19, 1999, the day after his conviction became final. The filing period ran uninterrupted for 365 days until it expired on February 18, 2000. Nguyen had no properly filed state application for post-conviction relief or other collateral review pending during that time period. His next such filing was the Application for Post Conviction Relief filed June 1, 2000. Nguyen is not entitled to tolling for matters filed after expiration of the one-year filing period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

The Court recognizes that Nguyen suggests that the state application was filed on April 26, 2000, when he signed it. However, state mailbox rules are not considered when calculating the timeliness of a federal habeas corpus petition under the AEDPA. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). Furthermore, even if considered, an April 26, 2000, submission to the state trial court would have been two months after the expiration of the one-year AEDPA filing period and therefore this federal petition is no less untimely.

Nguyen's federal habeas corpus petition is deemed filed under the federal mailbox rule on February 16, 2004, four years after the expiration of the one-year AEDPA filing period. For these reasons, Nguyen's federal habeas petition is untimely and should be dismissed with prejudice as time-barred.

## VI.   Recommendation

It is therefore **RECOMMENDED** that Hao Chi Nguyen's Petition for Issuance of a Writ of Habeas Corpus filed pursuant to Title 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time barred.

13

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

Houston, Texas, this _____ day of November, 2005.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

14